2024 Tex. Bus. 5



The Business Court of Texas,
Fourth Division

| | | |
|---|---|---|
| MORNINGSTAR WINANS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | Cause No. 24-BC04A-0002 |
| v. | § | |
| LUKE B. BERRY, M.D., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

---

## SYLLABUS[1]

---

In this case, Plaintiff attempted to remove a 2022 suit to the Texas Business Court, and Defendant challenged the court's authority to hear this case. Construing the plain language of H.B. 19, the Court concluded it lacked jurisdiction over the case because Chapter 25A of the Texas Government Code and its removal procedure applies to cases commenced on or after September 1, 2024.

---

[1] NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.



The Business Court of Texas,
Fourth Division

MORNINGSTAR WINANS, §
§
*Plaintiff,* §
§
§ Cause No. 24-BC04A-0002
v. §
§
LUKE B. BERRY, M.D., §
§
*Defendant.* §
§

---

## OPINION AND ORDER

---

Before the court is Defendant's Plea to the Jurisdiction and Motion for Remand challenging the court's authority to hear this case. The court invited Plaintiff to file a response, which Plaintiff filed on October 31, 2024. After consideration, the court grants Defendant's motion and orders the case remanded to the 150th Judicial District Court, Bexar County, Texas.

### BACKGROUND

On November 18, 2022, Plaintiff filed suit against Defendant in the 150th Judicial District Court, Bexar County, Texas. In her original petition, Plaintiff alleged causes of action for breach of fiduciary duty, fraud, and quantum meruit. She also requested damages

1

and attorney's fees. Defendant answered asserting a general denial and affirmative defenses. Over the next twenty-two months, the parties engaged in several discovery disputes. Most recently, the trial court set a hearing on Plaintiff's Amended Motion for Reconsideration of her Motion to Compel Production of Documents for September 30, 2024. Three days before the hearing, Plaintiff removed the case to this court.

In her notice of removal, Plaintiff states removal is timely pursuant to Section 25A.005(f)(1) of the Texas Government Code and Rule 355(c)(2)(A) of the Texas Rules of Civil Procedure. Both Section 25A.005(f)(1) and Rule 355(c)(2)(A) provide in cases where the parties do not agree to remove an action, a notice of removal must be filed no later than thirty days after "the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." TEX. GOV'T CODE § 25A.005(f)(1); TEX. R. CIV. P. 355(c)(2)(A). According to Plaintiff, "the dispute preceded the Texas Business Courts' creation on September 1, 2024, and consequently, could not be removed prior to that date."

On October 23, 2024, Defendant filed a Plea to the Jurisdiction and Motion for Remand. In his motion, Defendant argues removal is improper because this court "does not have jurisdiction or statutory authority to hear th[is] case." According to Defendant, Chapter 25A of the Texas Government Code and its removal provision apply only to civil actions commenced on or after September 1, 2024. For support, he points to the plain language of Chapter 25A's enabling legislation, specifically, Section 8 of House Bill 19. Defendant also argues it would be unconstitutional to apply Chapter 25A and its removal provision retroactively.

2

Plaintiff responded by contending Section 8 of House Bill 19 does not appear in the text of Chapter 25A, and therefore, it does not define the scope of this court's jurisdiction. Plaintiff further points out Section 8 does not contain the word "only" or a savings clause, and therefore, does not prohibit the removal of cases filed before September 1, 2024. Finally, Plaintiff argues interpreting Section 8 as prohibiting the removal of cases already on file prior to September 1, 2024, would lead to a nonsensical result. Plaintiff explains she could circumvent Section 8's limitation by either 1) amending her petition to add new claims or parties or 2) nonsuiting her claims in district court and refiling in this court.

## ANALYSIS

Whether Chapter 25A and its removal provision apply and permit a party to remove civil actions filed before September 1, 2024, from district court to this court is a question that implicates this court's subject-matter jurisdiction. Subject-matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 55354 (Tex. 2000). Without subject-matter jurisdiction, a court cannot decide a case. *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 (Tex. 2023).

The legislation establishing the Texas Business Court was enacted on June 9, 2023, when Governor Abbott signed House Bill 19. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 1-9, 2023 Tex. Sess. Law Serv. 919, 919-929. Section 1 of House Bill 19 codifies Chapter 25A of the Texas Government Code. *Id.* § 1 (codified at TEX. GOV'T CODE § 25A.001 *et seq.*). Chapter 25A contains twenty sections governing the business court's operation, including the procedure for removal. *See generally* TEX. GOV'T CODE § 25A.001 *et seq.*; *see also Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005,

3

2024 Tex. Bus. 1; 2024 WL 4648110, at *2 (Tex. Bus. Ct. Oct. 30, 2024). Specifically, "Section 25A.006 permits removal of cases to the business court," but it "does not address whether cases, like this one, filed before September 1, 2024, are removable." *Energy Transfer LP*, 2024 WL 4648110, at *2.

This question is one of statutory construction. "In construing a statute, our objective is always—and only—to ascertain and give effect to the Legislature's intent, as both expressed and implicit in the enacted language." *Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 739 (Tex. 2024). This court must also remain mindful that under the Code Construction Act, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE § 311.022. Here, there is nothing in Chapter 25A's text making it expressly retroactive. This construction is confirmed by a review of the enabling legislation's plain language. *See Energy Transfer* LP, 2024 WL 4648110, at *2-3. Specifically, Section 8 of House Bill 19 expressly provides "The changes in the law made by this Act apply to civil actions commenced on or after September 1, 2024." Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.

Plaintiff, however, asserts because Section 8 does not appear anywhere in the codified version of Chapter 25A, then Chapter 25A applies to cases filed in district court prior to September 1, 2024. This argument ignores the plain language of the enabling legislation, which expressly states the changes in this law, i.e. Chapter 25A and its removal procedure, apply to cases commenced on or after September 1, 2024. *See Energy Transfer LP*, 2024 WL 4648110, at *2-3.

4

Plaintiff next asserts the lack of the word "only" and a savings clause in Section 8 shows the legislature did not intend for Section 8 to prohibit the removal of cases filed before September 1, 2024. This court is not persuaded by this argument. As explained by the eighth division of this court, "there was no need for the legislature to insert 'only' or other limiting clarifying phrases in the applicability clause to expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so." *See Tema Oil & Gas Co. v. ETS Field Servs., LLC*, No. 24-BC08B-0001, 2024 Tex. Bus. 3 (Tex. Bus. Ct. Nov. 6, 2024).

Finally, Plaintiff contends an interpretation that cases filed in district court prior to September 1, 2024, cannot be removed to this court is nonsensical. Plaintiff claims she can circumvent Section 8's limitation by pursuing an alternative litigation strategy. The court disagrees and expresses no opinion about Plaintiff's hypothetical litigation strategy as those facts are not before this court.

Accordingly, because this case commenced prior to September 1, 2024, Chapter 25A and its removal procedure do not apply to it, and this court has no authority to remove this case from the district court to this court.

## CONCLUSION

In accordance with this opinion, the court grants Defendant's Plea to the Jurisdiction and Motion for Remand and orders the case remanded to the 150th Judicial District Court, Bexar County, Texas.

IT IS SO ORDERED.

Marialyn Barnard
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: November 7, 2024

6